**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tanika Latrice Lister,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-02905-PHX-SMB<br><br>**ORDER** |

The Court now considers Plaintiff Tanika Lister's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 17–28). The Court **affirms** the ALJ's decision for the following reasons.

## I. BACKGROUND

On March 17, 2022, Plaintiff applied for DIB under Title II and SSI under Title XVI, alleging a disability onset date of December 1, 2021. (AR. 17.) Plaintiff's claims were denied initially and on reconsideration. (*Id.*) After an administrative hearing, an ALJ issued an unfavorable decision on September 19, 2024, finding Plaintiff not disabled. (AR. 28.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1–5.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III. DISCUSSION

Plaintiff asserts the ALJ: (1) failed to address Plaintiff's neuropathy impairment; (2) erroneously found two medical opinions unpersuasive; and (3) failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. (Doc. 12 at 10–26.) The Court disagrees.

### A. Any Failure to Identify Plaintiff's Impairment is Harmless

Plaintiff argues that the ALJ failed to address Plaintiff's small fiber peripheral neuropathy impairment at step two or at any subsequent step. (Doc. 12 at 11.) Consequently, Plaintiff contends the ALJ committed reversible error because the ALJ's RFC determination does not account for this impairment. (*Id.* at 14.) The Commissioner disagrees, arguing that Plaintiff's diagnosis is not a medically determinable impairment but, even if it was, the ALJ's error is harmless because he considered Plaintiff's associated symptoms in his RFC analysis. (Doc. 14 at 4.) The Court agrees with the Commissioner that the error was harmless.

Plaintiff's small fiber peripheral neuropathy diagnosis is a medically determinable impairment. "An impairment is medically determinable only when its existence can be shown through objective medical evidence such as laboratory findings and tests done using acceptable clinical diagnostic techniques." *Frazier v. Comm'r of Soc. Sec.*, No. 2:19-CV-1592-DMC, 2021 WL 1118654, at *11 (E.D. Cal. Mar. 24, 2021). "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. In May 2022, Plaintiff had skin biopsies from her left leg and thigh to rule out small fiber neuropathy after Plaintiff complained of daily nerve pain in her back, shoulders, arms, hips, knees, and lower legs. (AR 576.) The biopsies showed a significantly decreased nerve fiber density consistent

with small fiber neuropathy. (AR 647–48.) Plaintiff sought follow up care regarding this diagnosis, complaining of continued numbness and tingling in her left and right arms/hands. (AR 622, 625.) Thus, there is objective medical evidence from acceptable medical sources that Plaintiff's small fiber neuropathy is a medically determinable impairment.

The Commissioner disagrees, strangely arguing that a diagnosis in a medical opinion cannot establish the existence of an impairment because the regulations prohibit using a "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." (Doc. 14 at 4 (quoting § 404.1521).) Defendant mischaracterizes the regulation. This prohibition only applies to a claimant's statements: "We will not use *your statement* of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." § 404.1521 (emphasis added). In other words, the social security administration will not rely on a claimant's word that a diagnosis exists. That is not the case here. Plaintiff's diagnosis is not dependent on her statements—it is based on laboratory testing. Consequently, it is a medically determinable impairment.

The ALJ did not identify Plaintiff's small fiber neuropathy impairment at step two. This error, however, is harmless "because the ALJ nonetheless consider[ed] the impact of the impairment in formulating the claimant's RFC." *Robert B. v. Comm'r, Soc. Sec. Admin.*, No. 3:22-CV-01446-MK, 2023 WL 7040193, at *3 (D. Or. Oct. 26, 2023). The ALJ identified that Plaintiff complained of "neuropathic symptoms." (AR 21.) Although the ALJ found that "[t]reatment for the claimaint's alleged pain, burning and tingling is consistent with severe impairments," he concluded "the record does not establish limitations that would prevent light work." (AR 23.) Thus, the Court finds the ALJ's failure to identify Plaintiff's small fiber neuropathy impairment harmless because the ALJ considered the symptoms and impact of this impairment when formulating Plaintiff's RFC.

**B. The ALJ Adequately Discredited Medical Opinion Testimony**

Next, Plaintiff argues the ALJ errantly found the opinions of PA Guess and Dr. Mohammad unpersuasive. (Doc. 12 at 16.) The Court disagrees.

An ALJ can reject a provider's opinion as inconsistent if he provides an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 793 (9th Cir. 2022). Here, the ALJ provided ample evidence for why he found both provider's opinions unpersuasive. PA Guess opined that Plaintiff's symptoms were so severe she did not have the attention and concentration to perform simple work tasks, or sit, stand, and walk for any amount of time in a workday. (AR 25.) (*Id.*) Dr. Mohammad similarly opined that Plaintiff could not sit, stand, or walk more than three hours a day. (*Id.*) The ALJ explained that both opinions were inconsistent with the record, and therefore, unpersuasive. The ALJ cited multiple records where Plaintiff had normal gait, normal musculoskeletal range of motion, and normal strength. (AR 390, 436, 480–81, 486.) Additionally, the ALJ noted that Plaintiff testified that she is able to care for her young children and work part-time as a cafeteria worker. (AR 25.) Thus, the ALJ provided an explanation, supported by substantial evidence, as to why these opinions were unsupported and inconsistent.

**C. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony**

Finally, Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. (Doc. 12 at 20.) The Court disagrees.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff alleged: "she is unable to work due to pain and neuropathic symptoms in her lower extremities, back pain and fibromyalgia flares"; she has "difficulty sitting, standing and walking"; "can stand for thirty minutes at one time and would need to sit for five to ten minutes before she could stand again"; "can sit for ten minutes before she starts to develop tinging [sic] and burning in her lower extremities"; and "difficulty performing household chores due to her pain symptoms." (AR 21–22.) The ALJ agreed that Plaintiff's medically determinable impairments could reasonable be expected to cause her alleged symptoms, but found that her "allegations of greater pain and functional limitations are not supported to the extent alleged." (AR 22.)

The ALJ adequately explained that Plaintiff's allegations were not entirely consistent with the medical evidence. Citing the evidence discussed above, the ALJ noted that Plaintiff could ambulate with a steady normal gait, had normal range of motion, and normal strength. The ALJ also noted multiple records wherein Plaintiff reported relief from pain management treatment. For example, Plaintiff received shoulder nerve blocks with 85% relief. (AR 998.) Plaintiff also reported to her rheumatologist that Ibuprofen reduced her pain. (AR 558); *see Para v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding that evidence of conservative treatment, such as "over-the-counter pain medication," "is sufficient to discount a claimant's testimony regarding severity of an impairment"). The ALJ also noted that Plaintiff reported "doing very well" after an open carpal tunnel release procedure on her right hand, stating she "had no numbness or tingling in the hand since surgery." (AR 715.) Finally, the ALJ noted that Plaintiff currently works five days per week for four hours each day as a cafeteria worker, cares for her ten and twelve year old children, shops in stores, manages her finances, drives independently, and performs household chores with breaks. (AR 24.) In combination, these records are sufficient bases for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–60 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony). Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's

testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting her subjective symptom allegations.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** affirming the ALJ's September 19, 2024 decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 18th day of August, 2026.

Honorable Susan M. Brnovich
United States District Judge